UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Leah Lecuyer and Linda Aldridge on behalf of themselves and others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**PrimeCare Consulting and Management LLC d/b/a Physicians Care Clinic, f/k/a Powhatan Family Physicians, and**<br><br>**Toby Bayless, and**<br><br>**Shelanda Hayes, MD,**<br><br>Defendants. | CIVIL ACTION NO. __3:21cv688__ |

**COMPLAINT**

Plaintiffs Leah Lecuyer and Linda Aldridge, on behalf of themselves and all others similarly situated, respectfully moves for judgment against Defendants PrimeCare Consulting and Management LLC d/b/a Physicians Care Clinic formerly known as Powhatan Family Physicians, Toby Bayless, and Shelanda Hayes, MD (collectively "Defendants"), as follows:

**Introduction**

1. This is a claim for unpaid minimum wages and/or overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"), and pendent state law claims under the Virginia Wage Payment Act, Va. Code § 40.1-29 ("VWPA"), Virginia Overtime Wage Act, § 40.1-29.2 ("VOWA"), and the Virginia Minimum Wage Act, § 40.1-28.8

1

*et seq*. ("VMWA"). Plaintiffs bring this as a collective action on behalf of themselves and others similarly situated.

### Jurisdiction and Venue

2.  This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.  Plaintiff seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for her state law claims.

3.  Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4.  Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

### Parties

5.  Leah Lecuyer ("Lecuyer") is a resident of Virginia who was employed by Defendants as a Nurse Practitioner.

6.  Linda Aldridge ("Aldridge") is a resident of Virginia who was employed by Defendants as an Office Manager.

7.  PrimeCare Consulting and Management LLC ("PrimeCare") is a Virginia limited liability company, which purports to have its principal office in the County of Powhatan, Virginia.

8.  Toby Bayless ("Bayless") is the owner, and/or an executive and/or a controlling member of PrimeCare Consulting and Management LLC, and/or the current or former Chief Executive Officer (CEO) of Powhatan Family Physicians. Bayless is responsible for the terms and conditions of Plaintiffs' employment with Defendants, and is jointly and severally

responsible with other Defendants for the non-payment of wages to Plaintiffs.

9.  Shelanda Hayes, MD ("Hayes") is the Chief Medical Officer (CMO) of PrimeCare Management Services. Upon information and belief, Dr. Hayes is an owner, and/or an executive and/or a controlling member of PrimeCare Consulting and Management LLC. Dr. Hayes was the direct supervisor of Plaintiffs, and was responsible for the terms and conditions of Plaintiffs' employment with Defendants, and is jointly and severally responsible with other Defendants for the non-payment of wages to Plaintiffs.

10. On information and belief, Defendant PrimeCare Consulting and Management LLC is a medical practice that operates Physicians Care Clinic formerly known as Powhatan Family Physicians in Powhatan, Virginia. According to filings with the Virginia State Corporation Commission, Defendant PrimeCare lists its principal office as being located at 2615 Anderson Highway, Suite A, Powhatan, VA 23139. Plaintiffs' employment contract merely identifies the employer as "Powhatan Family Physicians." At all relevant times, Defendants employed Plaintiffs.

## Factual Allegations

11. Lecuyer began working as an independent contractor on July 20, 2020, and was later hired as a full-time employee on September 11, 2020 as a Family Nurse Practitioner in Defendant's Powhatan, Virginia office. Lecuyer was employed until July 12, 2021.

12. At all times, Lecuyer was paid by Defendants on an hourly basis for her services.

13. Since Lecuyer was paid on an hourly basis, she was entitled to receive an overtime premium for all hours that she worked beyond 40 hours in a week pursuant the FLSA, and since July 1, 2021, pursuant to VOWA.

14. Other than periods of leave (Lecuyer took maternity leave from February 1 to May 26, 2021) or vacation, Lecuyer regularly worked approximately 41 hours per week or more.

15. Despite Lecuyer working 41 or more hours per week, when defendants paid Lecuyer (which was not consistent, and sometimes not at all), it usually paid her for no more than 36 hours per week.

16. Dr. Hayes was aware that Lecuyer regularly worked more than 40 hours per week. Dr. Hayes specifically instructed Lecuyer not to enter more than 36 hours per week on her timesheets even though she regularly worked more than that amount.

17. Plaintiff Aldridge began working as an office manager around June 26, 2020, and was employed until July 13, 2021.

18. Beginning in January 2021, Aldridge did not supervise two or more full-time employees.

19. From January 2021 forward, the duties Aldridge performed for Defendants did not qualify for any exemption to the overtime pay requirements pursuant to the FLSA, or since July 1, 2021 pursuant to VOWA.

20. At all times, Aldridge regularly worked at least 45 hours per week.

21. When Defendants paid Aldridge (which was not consistently), Defendants failed to pay an overtime premium for all hours worked over 40 hours per week pursuant to the FLSA, and after July 1, 2021 pursuant to VOWA.

### **Common Allegations**

22. From approximately December 15, 2020 to July 12, 2021, Defendants failed to make payroll.

4

23.     All employees of Defendants were not paid their regular pay checks during this timeframe.

24.     Defendants Bayless and Hayes offered myriad excuses and promises to Plaintiffs, and other employees, that they would eventually get paid.

25.     After missing payroll, Defendant Bayless, without any method or rationale, paid some employees through an electronic application ("app") on a smartphone (e.g., Zelle), or issued check cards, for various random amounts less than the full payroll amounts owed to the employees.

26.     Defendants' failure to pay employees during the timeframe at issue was a uniform policy, applicable to all employees.

27.     Lecuyer, Aldridge, and other similarly situated employees, were not paid the wages owed to them in violation of Code of Virginia, § 40.1-29.

28.     Lecuyer, Aldridge, and other similarly situated employees, were not paid the overtime premiums owed to them in violation of the FLSA and VOWA, Code of Virginia, § 40.1-29.2.

29.     Lecuyer was not paid any wage for certain hours worked in violation of the minimum wage requirements of the FLSA, and since May 1, 2021 pursuant to the Virginia Minimum Wage Act requiring a minimum wage of $9.50, in excess of the federal minimum wage of $7.25 per hour.

30.     Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b), and pursuant to Code of Virginia § 40.1-29(J), on behalf of themselves an all other similarly situated employees of Defendants who were not paid their wages, any overtime

premium, and/or minimum wages.

31. Plaintiffs were all subject to the same payroll practices of Defendants.

32. Defendants' failure to pay wages was a willful and/or knowing violation of the laws.

33. Defendants Bayless and Hayes each individually, and collectively, exercised significant management and control over operations of the medical practice in Powhatan, Virginia where Plaintiffs worked.

34. At all times, Bayless was ultimately responsible for the finances of PrimeCare including payroll, and its failure to make payroll.

35. Bayless actively engaged in the management and supervision of Plaintiffs and the work performed by Plaintiffs and the other employees of the Defendants.

36. Dr. Hayes also actively supervised and managed Plaintiffs and other employees, especially the medical services provided by employees of Defendants.

37. Plaintiffs each consent to become a party plaintiff in this representative action pursuant to 29 U.S.C. § 216(b) and Va. Code 40.1-29(J), as evidenced by the "Consent to Become Party to Collective Action" attached as **Exhibit A** hereto.

## COUNT I
### FLSA Violation

38. At all times relevant, Defendants failed to pay a minimum wage and/or overtime premium to Plaintiffs or similarly situated employees.

39. Defendants knew that Plaintiffs were not paid minimum and/or overtime wages for all hours worked. Defendants knowingly and willfully failed to pay Plaintiffs all minimum and/or overtime wages due.

6

## COUNT II
### Violation of Va. Code § 40.1-29 (Virginia Wage Payment Act)

40. Defendants have violated Va. Code § 40.1-29 by failing to pay Plaintiffs their wages for all hours worked.

41. Defendants knew that Plaintiffs were not paid for all hours worked. Defendants knowingly and willfully failed to pay Plaintiffs all wages due.

## COUNT III
### Violation of Va. Code § 40.1-29.2 (Virginia Overtime Wage Act)

42. Beginning July 1, 2021, Defendants have violated Va. Code § 40.1-29.2 by failing to pay Plaintiffs an overtime premium for all hours worked beyond 40 hours per week.

43. Defendants knew that Plaintiffs were not paid overtime wages for all hours worked over 40 hours per week. Defendants knowingly and willfully failed to pay Plaintiffs all overtime wages due.

## COUNT IV
### Violation of Va. Code § 40.1-28.8 *et seq*. (Virginia Minimum Wage Act) (Plaintiff Lecuyer)

44. Beginning May 1, 2021, Defendants have violated the Virginia Minimum Wage Act by failing to pay any wage to its hourly wage employees including Lecuyer and similar hourly employees.

45. Defendants knew that Lecuyer and others similarly situated were not paid any wages for certain hours worked in violation of the VMWA. Defendants knowingly and willfully failed to pay Lecuyer and similarly situated employees a lawful minimum wage.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request the following relief against Defendants:

    A.    an order conditionally certifying a group or groups of putative collective

action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B. money damages for all unpaid wages, minimum wages, and/or overtime premiums owed under the FLSA and/or Virginia law;

C. Liquidated damages under the FLSA and/or Virginia law;

D. Triple damages for a "knowing" violation under Virginia law;

E. pre-judgment and post-judgment interest;

F. reasonable attorneys' fees and costs expended in the prosecution of this action;

G. any and all further relief permissible by law.

Plaintiffs respectfully demand **TRIAL BY JURY**.

Respectfully submitted,

**Leah Lecuyer and Linda Aldridge, on behalf of themselves and others similarly situated**
Plaintiffs

By:_____/s/_____
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
craig@butlercurwood.com
zev@butlercurwood.com